BRIDGES, J., for the Court.
PROCEDURAL HISTORY
¶ 1. Charles Wayne Johnson pled guilty in the Circuit Court of Washington County to two counts of sale of cocaine on February 6, 1998. He was sentenced to two ten year consecutive terms to be served in the Mississippi Department of Corrections and two five thousand dollars fines. On June 21, 1999, Johnson filed a fill-in-the-blank motion for post-conviction relief that asserted his counsel rendered ineffective assistance. The motion was summarily dismissed on July 13,1999.
*633 ¶ 2. Johnson then filed a motion to make the plea transcript available for purchase on March 14, 2000, which was denied on March 21, 2000. Johnson filed a notice of appeal for both orders on April 26, 2000. The circuit court entered an order on May 15, 2001, denying the request due to its failure to be within the time limits allowed by Mississippi rules.
¶ 3. Aggrieved, Johnson comes before this Court citing three issues:
I. The circuit court erred when it denied the request for appeal for failure to timely file;
II. The plea entered was not knowingly and voluntarily made and therefore it was a violation of Johnson’s constitutional rights; and
III. Counsel for plea hearing provided ineffective assistance.
¶ 4. This Court finds these arguments to be without merit and therefore affirms the lower court’s decision.
LEGAL ANALYSIS
¶ 5. Mississippi Rules of Appellate Procedure Rule 4(a) requires a notice of appeal to be filed with the clerk of the trial court within thirty days after the date of entry of the judgment or order being appealed. M.R.A.P. 4(a). The order dismissing the petition for post-conviction relief was entered by the trial court on July 13, 1999, and a notation in the record reflects that a copy of this order was mailed to Johnson on the same day. The record also reflects that Johnson’s notice of appeal was not dated but was stamped filed on April 26, 2000. This Court agrees with the trial judge’s determination that pursuant to Mississippi Rules of Appellate Procedure rule 4(a), Johnson’s notice of appeal was out of time and determines that Johnson was not eligible for any exceptions provided by the appellate rules.
¶ 6. Johnson argues that his motion for appeal was timely filed. He asserts a convoluted explanation of the mail system within the Mississippi Department of Corrections and issues blame on the clerk’s office. This argument is not well taken. Johnson’s notice of appeal should have been filed within thirty days of the order of July 13, 1999. His motion was not filed until the end of April of the year 2000, some eight months late. Johnson contends that the clerk altered the date on the filed documents by hand writing the date of filing as opposed to stamping it. However, this argument has no bearing on the thirty days allotted for a notice of appeal. The month and year located on the filed documents were created by a stamp, only the day of the month of the document was handwritten, thus no “alteration” could be made by the clerk that would be detrimental to Johnson’s case. This argument would only be meritorious if the filing was days late as opposed to the eight months it actually was late. This Court finds the lower court was correct in dismissing the action for failing to be within the time allowed by Mississippi law, and as such, no further discussion is warranted on Johnson’s remaining issues.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.